Case 05-20041    Filed 10/25/06    Doc 628

FILED

OCT 25 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>RUSS TRANSMISSION, INC.,<br><br>        Debtor. | Case No. 05-20041-A-11<br><br>Docket Control No. WFH-3<br><br>Sept. 26 & 27 and Oct. 5, 2006 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On September 26, 2006, September 27, 2006, and October 5, 2006, the court held evidentiary hearings on the objection of Kirk Nelson to the administrative claim of Kevin Nelson.

Daniel L. Egan and Megan A. Lewis of Wilke, Fleury, Hoffelt, Gould & Birney, LLP, appeared for creditor and objecting party, Kirk Nelson; Thomas Phinney of Parkinson & Phinney appeared for administrative claimant, Kevin Nelson; and Thomas Willoughby of Felderstein, Fitzgerald, Pascuzzi & Willoughby appeared for the chapter 11 trustee, Hank Spacone.

Based on the evidence presented, and pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014, the court finds and concludes as announced orally and on the record as well as is set forth below:

    1.    On January 3, 2005, the debtor, Russ Transmission, Inc., filed a voluntary chapter 11 petition. A trustee was thereafter appointed pursuant to 11 U.S.C. § 1104(a)(2) on or about February 18, 2005.

2. The objection is a contested matter over which this court has subject matter jurisdiction. See 28 U.S.C. § 1334(b). It is a core proceeding. See 28 U.S.C. § 157(b)(2)(A), (B), & (O).

3. The objection to the administrative claim and notice of the hearing on the objection, as well as notice of the deadline for a response to the objection, were duly served on all required and necessary parties, including Kevin Nelson and his attorney.

4. On September 7, 2005, the court approved a compromise between the debtor and Kevin Nelson relating to the debtor's former property located on Hedge Avenue. Under the compromise, debtor agreed to waive its rights to seek to avoid the transfer of the Hedge Avenue property to Kevin Nelson. In exchange, Kevin Nelson agreed to sell the property and loan the net proceeds of the property to the debtor. The debtor agreed to repay the loan after all other claims and expenses had been paid in full.

5. Kevin Nelson sold the Hedge Avenue Property to the debtor and loaned the net proceeds, in the amount of $792,397, to the debtor.

6. It is likely that the debtor will have sufficient net assets to repay the loan to Kevin Nelson after all other claims and expenses have been paid in full.

7. On December 5, 2005, debtor obtained a judgment against Mayhew Industrial Park Partners, a general partnership.

8. Kevin Nelson is, and at all relevant times was, a general partner of Mayhew Industrial Park Partners.

9. On June 6, 2006, Kirk Nelson filed an objection to the administrative claim. The objection asserted a defense to the

Case 05-20041    Filed 10/25/06    Doc 628

payment of the administrative claim based an offset arising from the December 5, 2005 judgment against Mayhew Industrial Park Partners.

10. On June 6, 2006, Kirk Nelson also filed an objection to the pre-petition claim filed by Kevin Nelson. As part of the objection, and as alternate pleading, Kirk Nelson asserted the Mayhew Industrial Park Partners judgment as a defense to payment of Kevin Nelson's pre-petition claim.

11. The court has applied the Mayhew Industrial Park Partners judgment as a defense to the pre-petition claim asserted by Kevin Nelson. As a result, it is not available as a defense to the administrative claim of Kevin Nelson.

A separate order will be entered overruling the objection.

Dated: 25 Oct. 2006

By the Court

_____
Michael S. McManus, Chief Judge
United States Bankruptcy Court

Case 05-20041   Filed 10/25/06   Doc 628

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Office of the US Trustee
Attn: Judith Hotze
501 I St. Ste 7-500
Sacramento, CA 95814

Carl Collins
1127 12th St #202
PO Box 3291
Modesto, CA 95353-3291

Howard Nevins
Hefner, Stark & Marois LLP
2150 River Plaza Dr #450
Sacramento, CA 95833-3883

Russ Transmission, Inc.
6801 Folsom Blvd
Sacramento, CA 95819

Daniel L. Egan
Wilke, Fleury, Hoffelt,
 Gould & Birney, LLP
400 Capitol Mall 22nd Fl
Sacramento, CA 95814

Megan A. Lewis
Wilke, Fleury, Hoffelt,
 Gould & Birney, LLP
400 Capitol Mall 22nd Fl
Sacramento, CA 95814

Thomas Phinney
Parkinson Phinney
400 Capitol Mall #2540
Sacramento, CA 95814

Thomas Willoughby
Felderstein Fitzgerald
 Willoughty & Pascuzzi LLP
400 Capitol Mall #1450
Sacramento, CA 95814-4434

Hank Spacone
PO Box 255808
Sacramento, CA 95865-5808

Dated: October 26, 2006

_____
Susan C. Cox
Judicial Assistant to Judge McManus