FILED

OCT 25 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>RUSS TRANSMISSION, INC.,<br><br>          Debtor. | Case No. 05-20041-A-11<br><br>Docket Control No. WFH-4<br><br>Sept. 26 & 27 and Oct. 5, 2006 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On September 26 and 27 and October 5, 2006, the court held evidentiary hearings on the objection of Kirk Nelson to proof of claim of Kevin Nelson. That proof of claim (claim no. 13) was filed on April 26, 2006.

Daniel L. Egan and Megan A. Lewis of Wilke, Fleury, Hoffelt, Gould & Birney, LLP, appeared for the objecting party, Kirk Nelson; Thomas Phinney of Parkinson & Phinney appeared for the creditor, Kevin Nelson; and Thomas Willoughby of Felderstein, Fitzgerald, Pascuzzi & Willoughby appeared for the chapter 11 trustee, Hank Spacone.

Based on the evidence presented, and pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014, the court finds and concludes as announced orally and on the record as well as is set forth below:

1. On January 3, 2005, the debtor, Russ Transmission, Inc., filed a voluntary chapter 11 petition. A trustee was thereafter appointed pursuant to 11 U.S.C. § 1104(a)(2) on or



1  about February 18, 2005.

2.  The objection is a contested matter over which this court has subject matter jurisdiction. See 28 U.S.C. § 1334(b). It is a core proceeding. See 28 U.S.C. § 157(b)(2)(B), & (O).

3.  The objection to the proof of claim and notice of the hearing on the objection, as well as notice of the deadline for a response to the objection, were duly served on all required and necessary parties, including Kevin Nelson and his attorney.

4.  On April 21, 2006, Kevin Nelson filed a proof of claim demanding payment of $826,839.28 from the debtor.

5.  On June 6, 2006, Kirk Nelson filed an objection to the proof of claim.

6.  The objection is a contested matter over which this court has subject matter jurisdiction. See 28 U.S.C. § 1334(b). It is a core proceeding. See 28 U.S.C. § 157(b)(2)(B), & (O).

7.  The objection to the claim and notice of the hearing on the objection, as well as notice of the deadline for a response to the objection, were duly served on all required and necessary parties, including Kevin Nelson and his attorney.

8.  At the hearing on the objection, Kevin Nelson provided the court with a list of advances that he made to, or for the benefit of, the debtor. Kevin Nelson's list of advances totaled $770,012.95.

9.  At the hearing, Kevin Nelson's counsel conceded that two entries on the list, one dated 10/28/2005 in the amount of $1,000, and another dated May 5, 2005 in the amount of $700, should be deleted.

10. At the hearing, Kevin Nelson's counsel informed the

court that an additional advance, in the amount of $2560, should be added to the list.

11.  With the foregoing deletions and addition to the list, the alleged advances by Kevin Nelson to or for the benefit of the debtor, totaled $770,872.95.

12.  Kevin Nelson received payments in the amount of $90,000 and $15,000 from Kirk Nelson. These payments were made to Kevin Nelson to permit him to cure a default on an indebtedness secured by the Hedge Avenue property. While nominally made to Kevin Nelson, these payments in fact were for the benefit of the debtor because at the time of the payments, the debtor was the beneficial owner of the Hedge Avenue property (see findings and conclusions entered in connection with Docket Control Nos. PP-8 and PP-11).

13.  Kevin Nelson also received a payment of $50,000 from the debtor to cure the default on the debt secured by the Hedge Avenue property.

14.  Kevin Nelson retained the $90,000, $15,000, and the $50,000 for his own account and did not apply them to cure the default. Therefore, the debtor has an offset in the amount of $155,000 for any claim that Kevin Nelson may assert against it.

15.  Kevin Nelson stipulated that he received payments from the debtor in the aggregate amount of $189,500 as set forth in Exhibits 113 (spreadsheet) and 128-143 (bank records). These payments constituted repayments of a portion of Kevin Nelson's advances to the corporation or, in the alternative, create a defense of offset, in the amount of $189,500.

16.  On December 6, 2004, Kevin Nelson and Stephen Whitmire

formed a joint venture called Mayhew Industrial Park Partners ("MIPP"). Kevin Nelson was and is a general partner of MIPP. On or about the same date, MIPP entered into a lease with the debtor for the lease of property on Mayhew Road, Sacramento, California.

17. On December 5, 2005, the debtor obtained a judgment against MIPP in the amount of $284,053.11, plus interest from the date of judgment. As of the date of the hearing, the sum of $308,000 was due under the judgment.

18. As a partner of MIPP, Kevin Nelson is liable for the amount due to the debtor. However, because no judgment was entered against Kevin Nelson, the debtor cannot enforce that judgment against him. Nonetheless, because Kevin Nelson is asserting a claim against the debtor, his liability for the debt of MIPP may be setoff by the debtor against its liability to Kevin Nelson.

19. The debtor is entitled to a setoff of $308,000 against its liability to Kevin Nelson. By allowing this offset, Kevin Nelson is paying the MIPP judgment in full.

20. Kirk Nelson contends that the debtor paid Kevin Nelson a salary for periods during which he did not actually work for the debtor. Even if this is correct, the debtor and its principals agreed to this payment with knowledge that Kevin Nelson would be absent from the debtor's business for extended periods. The amount paid to Kevin Nelson was for his work on behalf of the debtor as well as to insure his availability to work for the debtor.

12. Debtor's liability to Kevin Nelson is calculated as the

amount of the advances ($770,872.95), less amounts paid to him in connection with the Hedge Avenue property ($155,000), the repayments of advances ($189,500), and the MIPP judgment ($308,000). Thus, Kevin Nelson's claim is properly allowed in the net amount of $118,372.95.

A separate order will be entered sustaining the objection in part.

Dated: 25 Oct. 2006

By the Court

_____
Michael S. McManus, Chief Judge
United States Bankruptcy Court

Case 05-20041   Filed 10/25/06   Doc 630

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Office of the US Trustee
Attn: Judith Hotze
501 I St. Ste 7-500
Sacramento, CA 95814

Carl Collins
1127 12th St #202
PO Box 3291
Modesto, CA 95353-3291

Howard Nevins
Hefner, Stark & Marois LLP
2150 River Plaza Dr #450
Sacramento, CA 95833-3883

Russ Transmission, Inc.
6801 Folsom Blvd
Sacramento, CA 95819

Daniel L. Egan
Wilke, Fleury, Hoffelt,
 Gould & Birney, LLP
400 Capitol Mall 22nd Fl
Sacramento, CA 95814

Megan A. Lewis
Wilke, Fleury, Hoffelt,
 Gould & Birney, LLP
400 Capitol Mall 22nd Fl
Sacramento, CA 95814

Thomas Phinney
Parkinson Phinney
400 Capitol Mall #2540
Sacramento, CA 95814

Thomas Willoughby
Felderstein Fitzgerald
 Willoughty & Pascuzzi LLP
400 Capitol Mall #1450
Sacramento, CA 95814-4434

Hank Spacone
PO Box 255808
Sacramento, CA 95865-5808

Dated: October 26, 2006

_____
Susan C. Cox
Judicial Assistant to Judge McManus