FILED

OCT 2 5 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

|  |  |
|---|---|
| In re | Case No. 05-20041-A-11 |
| RUSS TRANSMISSION, INC., | Docket Control No. PP-8 |
| Debtor. | Sept. 26 & 27 and Oct. 5, 2006 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On September 26, 2006, September 27, 2006, and October 5, 2006, the court held evidentiary hearings on the objection of Kevin Nelson to proof of claim of Kirk Nelson. That proof of claim (claim no. 12) was filed on March 31, 2006, then amended on September 11, 2006 (claim no. 14).

Daniel L. Egan and Megan A. Lewis of Wilke, Fleury, Hoffelt, Gould & Birney, LLP, appeared for creditor Kirk Nelson; Thomas Phinney of Parkinson & Phinney appeared for the objecting party, Kevin Nelson; and Thomas Willoughby of Felderstein, Fitzgerald, Pascuzzi & Willoughby appeared for the chapter 11 trustee, Hank Spacone.

Based on the evidence presented, and pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014, the court finds and concludes as announced orally and on the record as well as is set forth below:

1.   On January 3, 2005, the debtor, Russ Transmission, Inc., filed a voluntary chapter 11 petition. A trustee was

thereafter appointed pursuant to 11 U.S.C. § 1104(a)(2) on or about February 18, 2005.

2.    On June 6, 2006, creditor and shareholder Kevin Nelson filed his objection to the proof of claim filed by Kirk Nelson. Kirk Nelson is also a shareholder of the debtor.

3.    The objection is a contested matter over which this court has subject matter jurisdiction. <u>See</u> 28 U.S.C. § 1334(b). It is a core proceeding.  <u>See</u> 28 U.S.C. § 157(b)(2)(B), & (O).

4.    The objection to claim and notice of the hearing on the objection, as well as notice of the deadline for a response to the objection, were duly served on all required and necessary parties, including Kirk Nelson and his attorney.

5.    The claim for $8,000, denoted as a "Loan to Shop" on April 13, 2001, is not supported by documentary or other evidence.  Because Kirk Nelson has failed to establish that this loan was made to and received by the debtor, this claim will be disallowed.

6.    The claim for $12,500, denoted as "Loan to Shop" on June 7, 2001, is supported by evidence.  It was an advance from Kirk Nelson to the debtor under circumstances indicating that the debtor was to repay the loan upon demand.

7.    The claim for $90,000 denoted as "Cashier's Check to River City Bank for payoff of Hedge Property" on September 8, 2004, is supported by evidence and constituted an advance to Kevin Nelson for the benefit of the debtor.  At the time of the transfer of the cashier's check, the debtor was the beneficial owner of the Hedge Property and the payment of $90,000 was made to save that property from foreclosure.  Thus, even though paid

-2-

to Kevin Nelson, the payment was for the benefit of the debtor.
Further, the advance creates an enforceable right to repayment in
the amount of $90,000.

8.   The claim for $15,000 denoted as "Check No. 1699 to
Kevin Nelson for payoff of Hedge Property" on October 19, 2004 is
supported by evidence and constituted an advance for the benefit
of the debtor.   At the time of the transfer of the check, the
debtor was the beneficial owner of the Hedge Property and the
payment of $15,000 was made to save that property from
foreclosure.   Thus, even though paid to Kevin Nelson, the payment
was for the benefit of the debtor.   Further, the advance creates
an enforceable right to repayment in the amount of $15,000.

9.   The claim for $15,000 denoted as "Check No. 1345 to
Kevin Nelson" is supported by evidence and constituted an advance
for the benefit of the debtor.   The advance creates an
enforceable right to repayment in the amount of $15,000.

10.   The claim for $718.61 denoted as "Payment on Bank of
America Line of Credit" is supported by evidence and constituted
an advance for the benefit of the debtor.   The advance creates an
enforceable right to repayment in the amount of $718.61.

11.   The claim for $10,000 denoted as "Payment to Hefner,
Stark & Marois" is supported by evidence and constituted an
advance for the benefit of the debtor.   The advance creates an
enforceable right to repayment in the amount of $10,000.

12.   Kevin Nelson contends that Kirk Nelson was paid a
salary that was not commensurate with his services to the debtor.
The debtor and its principals, including Kevin Nelson, and later
the trustee, agreed to pay a salary to Kirk Nelson for his

-3-

services in operating and managing the debtor's transmission
business, only the agreed upon salary was actually paid to Kirk
Nelson, the bargained for services were actually performed by
Kirk Nelson, the bargained for services benefitted the debtor,
there is no persuasive evidence that the services of Kirk Nelson
were not fair consideration for the salary paid him by the
debtor, there is no persuasive evidence that the salary paid Kirk
Nelson was unfair or excessive, and the debtor is not entitled to
recover any portion of that salary as overpayments or offsets to
the debtor's liability to Kirk Nelson.

13.   Prior to the commencement of the case the debtor
transferred property located on Hedge Avenue, Sacramento,
California to Kevin Nelson.  The transfer was made for no past,
present, or future consideration from Kevin Nelson or anyone
else.  While at and around the time of the transfer, the debtor
and Kevin Nelson intended that the debtor remain the beneficial
owner of the property, Kevin Nelson since has maintained that he
is both its record and beneficial owner.  The debtor is not
seeking to recover the property from Kevin Nelson.  Therefore,
because the transfer was for no consideration and was transferred
to Kevin Nelson because he was a shareholder of the debtor, the
value of the transfer, $792,000, is a dividend.  That is, it was
transferred to Kevin Nelson on account of his equity interest in
the debtor.

14.   Kevin and Kirk Nelson each own one-half of the
outstanding shares of stock in the debtor.[1]

---

[1]     The court makes no findings or conclusions regarding
any right that Ronald and Mary Ann Nelson, the parents of Kirk

-4-

15.   Kirk and Kevin Nelson had and have an equal right to receive dividends from the debtor on account of their equity interests in the debtor.  Kevin Nelson received a $792,000 dividend from the debtor.  Kirk Nelson did not receive a $792,000 dividend from the debtor.  Each should have received $396,000 of the $792,000 distributed.

16.   Because the debtor is financially unable to pay an equalizing dividend to Kirk Nelson, and because the debtor will be liquidated, Kevin Nelson's previous receipt of a $792,000 dividend must dilute his equity in the debtor.[2]

A separate order will be entered.

Dated: **25 Oct. 2006**

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

---

and Kevin Nelson, may have to a portion of the stock held by Kirk and/or Kevin Nelson.  Ronald and Mary Ann Nelson have not filed a proof of claim or otherwise appeared in this court, and the resolution of the issue is unnecessary to the disposition of the matters before the court.

[2]    The objection to claim, Docket Control No. PP-8, the motion to value the stock of the debtor, Docket Control No. PP-11, and Kevin Nelson's proposed plan of reorganization, all put in issue the value of the equity interests of Kirk and Kevin Nelson.  Therefore, to the extent these findings and conclusions are relevant to the disposition of these other matters, they are incorporated by reference.  The actual adjustment to Kevin Nelson's equity interest is calculated in the written findings and conclusion made in connection with Docket Control No. PP-11.

1

2

**CERTIFICATE OF MAILING**

3      I, Susan C. Cox, in the performance of my duties as a

judicial assistant to the Honorable Michael S. McManus, mailed by

4  ordinary mail to each of the parties named below a true copy of

5  the attached document.

6  Office of the US Trustee           Megan A. Lewis
   Attn: Judith Hotze                 Wilke, Fleury, Hoffelt,
7  501 I St. Ste 7-500                 Gould & Birney, LLP
   Sacramento, CA 95814               400 Capitol Mall 22nd Fl
8                                     Sacramento, CA 95814

9  Carl Collins
   1127 12th St #202                  Thomas Phinney
   PO Box 3291                        Parkinson Phinney
10 Modesto, CA 95353-3291             400 Capitol Mall #2540
                                      Sacramento, CA 95814
11 Howard Nevins
   Hefner, Stark & Marois LLP         Thomas Willoughby
12 2150 River Plaza Dr #450           Felderstein Fitzgerald
   Sacramento, CA 95833-3883          Willoughty & Pascuzzi LLP
13                                    400 Capitol Mall #1450
   Russ Transmission, Inc.            Sacramento, CA 95814-4434
14 6801 Folsom Blvd
   Sacramento, CA 95819               Hank Spacone
15                                    PO Box 255808
   Daniel L. Egan                     Sacramento, CA 95865-5808
16 Wilke, Fleury, Hoffelt,
    Gould & Birney, LLP
17 400 Capitol Mall 22nd Fl
   Sacramento, CA 95814

18

19 Dated: October _26_, 2006

20

21                    _Susan C. Cox_

22                    Susan C. Cox
                      Judicial Assistant to Judge McManus
23

24

25

26

27

28