

FILED

OCT 2 5 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                              )     Case No. 05-20041-A-11
                                   )
RUSS TRANSMISSION, INC.,           )     Docket Control No. PP-11
                                   )
                                   )     Sept. 26 & 27 and Oct. 5,
            Debtor.                )     2006
                                   )
_____    )

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On September 26, 2006, September 27, 2006, and October 5, 2006, the court held evidentiary hearings on the motion of Kevin Nelson to value the equity interests of Kevin and Kirk Nelson in the debtor.

Daniel L. Egan and Megan A. Lewis of Wilke, Fleury, Hoffelt, Gould & Birney, LLP, appeared for creditor Kirk Nelson; Thomas Phinney of Parkinson & Phinney appeared for the moving party, Kevin Nelson; and Thomas Willoughby of Felderstein, Fitzgerald, Pascuzzi & Willoughby appeared for the chapter 11 trustee, Hank Spacone.

Based on the evidence presented, and pursuant to Federal

634

Rules of Bankruptcy Procedure 7052 and 9014, the court finds and
concludes as announced orally and on the record as well as is set
forth below:

1.    On January 3, 2005, the debtor, Russ Transmission,
Inc., filed a voluntary chapter 11 petition.  A trustee was
thereafter appointed pursuant to 11 U.S.C. § 1104(a)(2) on or
about February 18, 2005.

2.    On August 30, 2006, creditor and shareholder Kevin
Nelson filed his "Motion to Value Stock of Debtor."  The court
interprets this to be a request that it value the equity
interests of Kevin and Kirk Nelson in the debtor.  Because the
debtor is being, or may be, liquidated under the terms of the
Second Amended Plan of Reorganization proposed by Kevin Nelson,
their respective equity interests must be based on the net value
of the corporate assets.[1]

3.    The court has subject matter jurisdiction over this
contested matter.  See 28 U.S.C. § 1334(b).  This matter is a
core proceeding.  See 28 U.S.C. Section 157(b)(2)(A), (B), (L)
and (O).

4.    The motion and notice of the hearing on the motion, as
well as notice of the deadline for a response to the motion, were
duly served on all required and necessary parties, including Kirk
Nelson and his attorney.

5.    In valuing the debtor's real property in connection
with the proposed plan, the debtor's liquidation would be

---

[1]    This is the valuation approach taken by the parties.
No one attempted to argue that the debtor corporation had a
"going concern value" or that its "goodwill" and/or other
intangibles had any value.

1  required to make the payments called for under the "Buy-Out

2  Option."  As a result, the court values the real property by

3  considering the fair market value and then deducting reasonable

4  costs of sale and all taxes occasioned by sale.

5      6.  The debtor has the following material assets with the

6  following fair market values:

7          a.  **Cash Accounts.**  Based on the stipulation of the

8              parties, the debtor has bank accounts with balances of

9              $2,318,994, $96, and $297,536.

10         b.  **Lionudakis Blocked Account.**  The debtor has

11             another bank account with a balance of $397,040.  This

12             bank account is subject to the disputed lien and

13             interest of Philip Lionudakis for attorneys' fees and

14             costs associated with a dispute over the secured claim

15             of Mr. Lionudakis.  The maximum likely claim against

16             this blocked account is $100,000.[2]

17         c.  **Real Property (Dos Rios).**  The debtor owns real

18             property located on Dos Rios Street, Sacramento

19             California.  This real property has a fair market value

20             of $5,000,000.  The likely closing costs arising upon

21             sale would be $400,000, and the likely income tax would

22             be $1,806,647.  Thus, the net fair market value of the

23             Dos Rios property is $2,793,353.

24         d.  **Real Property (Elvas Avenue).**  The debtor owns two

25             contiguous parcels of real property located at 6671 and

26             6801 Elvas Avenue, Sacramento California.  The real

27

28  ──────────────────────

     [2]    Of course, this is in no way binding on Mr. Lionudakis.

property has a value of $2,160,000.  In determining the value of the Elvas Avenue Property, the court gives substantial weight to the appraisal reports prepared by Stover Harrington, Inc. and the testimony of Stephen L. Harrington.  The likely closing costs upon sale of the Elvas Avenue property would be $120,000, and the likely income tax upon sale would be $519,426.  Thus, the net fair market value of the Elvas Avenue property is $1,520,574.

e.  **Real Property (Knights Landing).**  The debtor owns real property located in Knights Landing, California. The parties stipulated that the real property has a value of $700,000.  The likely closing costs upon sale of the Knights Landing property would be $56,000, and the likely income tax incurred upon sale would be $39,356.  Thus, the net fair market value of the Knights Landing property is $604,644.

f.  **Effect of IGDC Interest.**  Indigenous Global Development Corporation (IGDC) holds a 25% interest in the Dos Rios and Elvas Avenue properties.  The debtor, however, holds a $2.5 million promissory note from IGDC and other claims based upon the alleged breach of an agreement between debtor and IGDC.  The debtor's claims against IGDC are likely equal to or more than the value of IGDC's interest in the Dos Rios and Elvas Avenue properties.  The likely cost of canceling IGDC's interest in the properties is $25,000.

-4-

g.   **Value of Business Assets.**   The tangible assets that comprise the debtor's automobile transmission repair business have a fair market value of $50,000.

h.   **Total Value of Assets.**   The total value of the debtor's assets, after costs of sale and income taxes, is $7,857,237.

7.   The debtor's liabilities are as follows:

a.   **G.E. Capital.**   The parties have stipulated that the debtor is indebted to G.E. Capital in the approximate amount of $1,360,000 under a promissory note secured by the Dos Rios property.

b.   **Carrington Trust.**   The parties have stipulated that the debtor is indebted to the Carrington Trust in the amount of $400,000 under a promissory note secured by the Knights Landing property.

c.   **Carrington Trust.**   The parties have stipulated that the debtor is indebted to the Carrington Trust in the amount of $540,000 under a promissory note secured by the Dos Rios and Elvas Avenue properties.

d.   **Administrative Claims.**   Current administrative expenses, together with the administrative expenses likely to be incurred if the proposed plan was confirmed, would total $50,387 for the trustee, $94,867 for the trustee's counsel, and $7,716 for the trustee's accountant.

e.   **Administrative Trade Payable Claims.**   The debtor is subject to an estimated claim of $60,000 for overpayments made by the lessee of a cell tower site on

the debtor's property, as well as an estimated claim of $25,000 for vendor payables.

f.  **Pre-petition Non-Insider Claims.**  The pre-petition, non-insider claims total $290,000.

g.  **Insider Claims.**  Kevin Nelson has a subordinated claim of $792,000 arising from the court-approved, post-petition loan to the debtor.  Kevin Nelson also holds an unsecured claim in the amount of $118,372.95, and Kirk Nelson holds an unsecured claim in the amount of $143,605.

h.  **Total Claims.**  The claims asserted against the debtor aggregate $3,881,948.

8.  The value of the debtor's assets, less the debtor's liabilities, is $3,975,289.

9.  Kevin and Kirk Nelson each own one-half of the outstanding shares of stock in the debtor.[3]  There is one class of stock.  Without the adjustment discussed below, each would be entitled to $1,987,644.50 from the liquidation of the debtor's assets.

10.  Prior to the commencement of the case the debtor transferred property located on Hedge Avenue, Sacramento, California to Kevin Nelson.  The transfer was made for no past, present, or future consideration from Kevin Nelson or anyone

---

[3]  The court makes no findings or conclusions regarding any right that Ronald and Mary Ann Nelson, the parents of Kirk and Kevin Nelson, may have to a portion of the stock held by Kirk and/or Kevin Nelson.  Ronald and Mary Ann Nelson have not filed a proof of claim or otherwise appeared in this court, and the resolution of the issue is unnecessary to the disposition of the matters before the court.

else.    While at and around the time of the transfer, the debtor
and Kevin Nelson intended that the debtor remain the beneficial
owner of the property, Kevin Nelson since has maintained that he
is both its record and beneficial owner.    The debtor is not
seeking to recover the property from Kevin Nelson.    Therefore,
because the transfer was for no consideration and was transferred
to Kevin Nelson because he was a shareholder of the debtor, the
value of the transfer, $792,000, is a dividend.    That is, it was
transferred to Kevin Nelson on account of his equity interest in
the debtor.

11.    Kirk and Kevin Nelson had and have an equal right to
receive dividends from the debtor on account of their equity
interests in the debtor.    Kevin Nelson received a $792,000
dividend from the debtor.    Kirk Nelson did not receive a $792,000
dividend from the debtor.    Therefore, Kirk Nelson also should
have received a $792,000 dividend, or the $792,000 dividend
should have been divided equally between Kirk and Kevin Nelson.

12.    Because the debtor is financially unable to pay an
equalizing dividend to Kirk Nelson, and because the debtor will
be liquidated, Kevin Nelson's previous receipt of a $792,000
dividend must dilute his equity in the debtor to reflect that he
received $396,000 that should have been paid to Kirk Nelson.[4]

---

[4]    The objection to claim, Docket Control No. PP-8, the
motion to value the stock of the debtor, Docket Control No. PP-
11, and Kevin Nelson's proposed plan of reorganization, all put
in issue the value of the equity interests of Kirk and Kevin
Nelson.    Therefore, to the extent these findings and conclusions
are relevant to the disposition of these other matters, they are
incorporated by reference.

13.  Had the $792,000 not been paid to Kevin Nelson by the debtor, on liquidation Kevin and Kirk Nelson would be entitled to one-half of $4,767,289 ($2,383,644.50 each) rather than one-half of $3,975,289 ($1,987,644.50 each) that now is available.

14.  Based upon the foregoing, the court concludes that the value of Kirk Nelson's equity interest is $1,987,644.50 plus $396,000, or $2,383,644.50; and that the value of Kevin Nelson's equity interest in the debtor is $1,987,644.50 minus $396,000, or $1,591,644.50.[5]  The $396,000 adjustment, representing half of the $792,000 dividend, is necessary to account for the dividend paid to Kevin Nelson but not to Kirk Nelson.

A separate order will be entered.

Dated: 25 Oct. 2006

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

---

[5]  The value of Kevin Nelson's equity, $1,591,644.50, when added to the value of Kirk Nelson's equity, $2,383,644.50, equals the $3,975,289 in net asset value.

-8-

# CERTIFICATE OF MAILING

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Office of the US Trustee
Attn: Judith Hotze
501 I St. Ste 7-500
Sacramento, CA 95814

Carl Collins
1127 12th St #202
PO Box 3291
Modesto, CA 95353-3291

Howard Nevins
Hefner, Stark & Marois LLP
2150 River Plaza Dr #450
Sacramento, CA 95833-3883

Russ Transmission, Inc.
6801 Folsom Blvd
Sacramento, CA 95819

Daniel L. Egan
Wilke, Fleury, Hoffelt,
 Gould & Birney, LLP
400 Capitol Mall 22nd Fl
Sacramento, CA 95814

Megan A. Lewis
Wilke, Fleury, Hoffelt,
 Gould & Birney, LLP
400 Capitol Mall 22nd Fl
Sacramento, CA 95814

Thomas Phinney
Parkinson Phinney
400 Capitol Mall #2540
Sacramento, CA 95814

Thomas Willoughby
Felderstein Fitzgerald
 Willoughty & Pascuzzi LLP
400 Capitol Mall #1450
Sacramento, CA 95814-4434

Hank Spacone
PO Box 255808
Sacramento, CA 95865-5808

Dated: October 26, 2006

Susan C. Cox
Susan C. Cox
Judicial Assistant to Judge McManus