

FILED

OCT 2 5 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re ) | Case No. 05-20041-A-11 |
| ) | |
| RUSS TRANSMISSION, INC., ) | Docket Control No. FWP-8 |
| ) | |
| ) | Oct. 5, 2006 |
| Debtor. ) | |
| ) | |
| _____ ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The motion of the chapter 11 trustee, Hank M. Spacone, to
convert the chapter 11 petition to one under chapter 7 and (A) to
terminate the business operations of Russ Transmission Inc.; (B)
to authorize post-conversion operation of rental real properties;
(C) to authorize use of cash collateral; and (D) to authorize
payment of chapter 7 expenses from unencumbered funds, came on
for continued hearing on October 5, 2006, at 9:00 a.m.

The chapter 11 trustee appeared by and through his attorney
of record, Thomas A. Willoughby of Felderstein, Fitzgerald,
Pascuzzi & Willoughby.  Daniel L. Egan and Megan A. Lewis of
Wilke, Fleury, Hoffelt, Gould & Birney, LLP, appeared for
creditor and shareholder Kirk Nelson.  Thomas Phinney of
Parkinson & Phinney appeared for creditor and shareholder Kevin
Nelson.  All other appearances were as noted on the record.



Having given due consideration to the motion, the declarations and other evidence submitted in support of the motion, any opposition and/or response filed, the record and proceedings in the above-captioned case, any stipulations recited in open court, the arguments of counsel and other interested parties at the hearing, and for other good cause shown, the court hereby finds, as a matter of fact, and/or concludes, as a matter of law, as provided under Federal Rules of Bankruptcy Procedure[1] 7052 and 9014, in addition to any findings and conclusions stated orally on the record, as follows:

1.   On January 3, 2005, the debtor, Russ Transmission, Inc., filed a voluntary chapter 11 petition.  A trustee was thereafter appointed pursuant to 11 U.S.C. § 1104(a)(2) on or about February 18, 2005.

2.   On July 20, 2006, the trustee filed his motion to, among other things, convert this case to one under chapter 7, use cash collateral, and to operate a portion of the debtor's business while the case proceeds under chapter 7.

3.   The motion is a contested matter over which this court has subject matter jurisdiction.  See 28 U.S.C. § 1334(b) and 11 U.S.C. §§ 363, 704, 721, & 1112.  It is a core proceeding.  See 28 U.S.C. §§ 157(b)(2)(A) and (O).

4.   The notice of the motion complied in all respects with the requirements of the Bankruptcy Code and the Bankruptcy Rules, and it fully and adequately described the relief requested in the motion and informed parties in interest how to receive all

---

[1]   All subsequent references to the Federal Rules of Bankruptcy Procedure herein shall be to the "Bankruptcy Rules."

1  supporting documentation for the motion.  Under the circumstances
2  of this case, the notice of the motion provided fair and
3  reasonable notice of the motion, the hearing on the motion, and
4  the deadlines and procedures for opposing the motion.

5       5.    The motion and the notice of the hearing on the motion,
6  as well as notice of the deadline for a response to the motion,
7  were duly served on all required and necessary parties, including
8  the debtor, Kirk Nelson, Kevin Nelson, and their respective
9  attorneys; all creditors; parties requesting special notice; and
10  the Office of the United States Trustee.  Notice and service was
11  in accordance with Bankruptcy Rules 2002(a)(4), 2002(f) and
12  2002(k).

13       6.    All objections, if any, to the motion have been
14  withdrawn, resolved, or overruled.

15       7.    In addition to granting this motion, the court is also
16  denying confirmation of the plan of reorganization proposed by
17  Kevin Nelson.

18       8.    Cause exists to convert this case to chapter 7 based on
19  the inability of the Debtor and/or the shareholders to confirm a
20  plan of reorganization or liquidation.  11 U.S.C. § 1112(b)(2).[2]

21       9.    Conversion of the case rather than dismissal is in the
22  best interests of creditors and parties in interest.  The
23  following issues are better adjudicated in a chapter 7 case: (a)
24  the ability of the chapter 7 trustee to sell both the estate's
25  75% interest in the Dos Rios and Shop properties and the disputed

26

27       [2]    This case was commenced prior to the 2005 Code
28  amendments, which amendments became effective with respect to
    section 1112 for cases commenced on or after October 17, 2005.

-3-

1   25% in those properties of IGDC; (b) the resolution of the appeal
2   and other issues surrounding the Lionudakis claim; (c) the
3   resolution and administration of any chapter 11 administrative
4   claims; and (d) administration in a chapter 7 case permits
5   additional options to resolve shareholder disputes, including but
6   not limited to a re-conversion to chapter 11, if the shareholders
7   eventually resolve their differences.

8       10.   Additionally, confirmation of the plan or dismissal
9   would result in the expiration of the automatic stay.  Given that
10  the management of the debtor is deadlocked, liquidation of
11  the debtor's assets outside of a chapter 7 case would be
12  difficult.  There would be a substantial risk that secured
13  creditors would not be paid and, in the absence of the automatic
14  stay, that real estate assets would be lost to foreclosure.

15      11.   In deciding between dismissal and conversion, the court
16  has considered that Kirk Nelson, a 50% shareholder, supported
17  conversion as opposed to dismissal or confirmation of the plan of
18  reorganization proposed by Kevin Nelson.  Kirk Nelson has been in
19  charge of, and involved in, the day-to-day business affairs of
20  the debtor for many years.  Kevin Nelson, however, has been
21  absent from the business for many years and has not been involved
22  in its management.  As between the two, Kirk Nelson is most
23  familiar with, and knowledgeable of, the debtor's business and
24  its ability to operate successfully and profitably in the future.
25  His opinion, then, that the debtor's business cannot continue to
26  operate is persuasive.

27      12.   No creditors supported dismissal.

28      13.   Finally, Kevin Nelson and Kirk Nelson each are the

-4-

record owners of 50% of the outstanding shares of the debtor's stock.  They are deadlocked on all material issues affecting the debtor's business.  This deadlock precludes any effective reorganization and it makes operating profitably outside of bankruptcy court unlikely.

14.  Further complicating the debtor's corporate governance, Ronald and Mary Ann Nelson, the parents of Kirk and Kevin Nelson, may claim that their sons hold a portion of their stock for their benefit.  If the case is dismissed, this litigation likely will consume the attention and the resources of the parties to the detriment of the debtor's business and creditors.  Admittedly, even upon a conversion of this case to chapter 7, the dispute with the parents may have to be resolved in state court.  However, this will have no impact on the debtor if the case is converted to chapter 7.  The winding up of the debtor's business will not be affected by dispute.

15.  Pursuant to 11 U.S.C. § 721, continued operation of the debtor's rental real estate is in the best interests of the debtor and creditors.  This real estate is more likely to fetch its fair market value if it is occupied by rent paying tenants.  In order to achieve that goal, a chapter 7 trustee must have the authority to rent the property.

16.  Conversely, the continued operation of the debtor's transmission business after conversion to chapter 7 will not be in the debtor's or the creditors' best interests.  That business operates, at best, on a break-even basis.  Under chapter 7, the trustee must cease business operations unless he or she obtains authority pursuant to section 721 to operate the business.

17.   Finally, pursuant to 11 U.S.C. § 363, the trustee and the chapter 7 trustee will be authorized use of cash collateral consisting of the rents collected from the rental real property. These rents may be used by the trustee and by the chapter 7 trustee to pay actual expenses associated with the rental properties in accordance with the budget attached as Exhibit A to the Declaration of Hank Spacone in Support of Chapter 11 Trustee's Motion to Convert.

18.   These rents are the cash collateral of those creditors holding deeds of trust that encumber each rental property.  The interests of these creditors in their cash collateral is adequately protected by significant equity cushions in each real property (see the findings and conclusions entered in connection with Docket Control No. PP-11), and by the payment of rents that are not needed by the trustee to defray expenses associated by the operation of the rental properties.

A separate order will be entered on the trustee's motion, and a separate order will be entered denying confirmation of the plan of reorganization proposed by Kevin Nelson.

Dated: **25 Oct. 2006**

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

-6-

**CERTIFICATE OF MAILING**

    I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Office of the US Trustee
Attn: Judith Hotze
501 I St. Ste 7-500
Sacramento, CA 95814

Carl Collins
1127 12th St #202
PO Box 3291
Modesto, CA 95353-3291

Howard Nevins
Hefner, Stark & Marois LLP
2150 River Plaza Dr #450
Sacramento, CA 95833-3883

Russ Transmission, Inc.
6801 Folsom Blvd
Sacramento, CA 95819

Daniel L. Egan
Wilke, Fleury, Hoffelt,
 Gould & Birney, LLP
400 Capitol Mall 22nd Fl
Sacramento, CA 95814

Megan A. Lewis
Wilke, Fleury, Hoffelt,
 Gould & Birney, LLP
400 Capitol Mall 22nd Fl
Sacramento, CA 95814

Thomas Phinney
Parkinson Phinney
400 Capitol Mall #2540
Sacramento, CA 95814

Thomas Willoughby
Felderstein Fitzgerald
 Willoughty & Pascuzzi LLP
400 Capitol Mall #1450
Sacramento, CA 95814-4434

Hank Spacone
PO Box 255808
Sacramento, CA 95865-5808

Dated: October 26, 2006

                       *Susan C. Cox*
Susan C. Cox
Judicial Assistant to Judge McManus